**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CINTIA DANIELA DE AZEVEDO CARDOSO**
**VICTOR ANTONIO AZEVEDO CARDOSO,** and
**EXPEDITO CAPISTANA CARDOSO JUNIOR,**

*Plaintiffs,*

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

**U.S. DEPARTMENT OF HOMELAND SECURITY**
2707 Martin Luther King Jr. Avenue SE
Washington, DC 20528

**JOSEPH B. EDLOW, in his official** capacity as Director of U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive
Camp Springs, MD 20588-0009

**MARKWAYNE MULLIN, in his official** capacity as Secretary of Homeland Security
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Avenue SE
Washington, DC 20528

**CARRIE M. SELBY, in her official** capacity as Acting Associate Director, Service Center Operations
U.S. Citizenship and Immigration Services
6046 N. Belt Line Road, Suite 108
Irving, TX 75038-0011

*Defendants.*

**Civil Action No.: 1:26-cv-14459**

# PLAINTIFFS' EMERGENCY MOTION FOR A STAY OF AGENCY ACTION UNDER 5 U.S.C. § 705 AND FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs Cintia Daniela de Azevedo Cardoso ("Cintia"), Victor Antonio Azevedo Cardoso ("Victor"), and Expedito Capistana Cardoso Junior ("Expedito"), through undersigned counsel, respectfully move pursuant to 5 U.S.C. § 705 and Federal Rule of Civil Procedure 65 for an emergency stay of agency action, Temporary Restraining Order, and Preliminary Injunction temporarily suspending the effectiveness and operative consequences of adverse bona fide determinations issued by U.S. Citizenship and Immigration Services ("USCIS") in July 2026 while this Court reviews the legality of those agency actions under the Administrative Procedure Act.

Cintia is the principal applicant on a pending Form I-914, Application for T Nonimmigrant Status, Receipt Number LIN2506451081. Victor and Expedito are derivative applicants whose Forms I-914 Supplement A, Receipt Numbers LIN2506451367 and LIN2506451158, respectively, likewise remain pending before USCIS. None of the underlying principal or derivative T applications has been finally adjudicated. (Exs. A-C).

USCIS previously completed favorable bona fide review of each Plaintiff's pending application. On February 3, 2025, USCIS formally determined that Victor's and Expedito's respective derivative Forms I-914 Supplement A were bona fide under 8 C.F.R. § 214.205(b). On February 11, 2025, USCIS formally determined that Cintia's principal Form I-914 was bona fide under 8 C.F.R. § 214.205(a). Each notice informed the respective Plaintiff that the application would be treated as bona fide as of the date of the notice and described the interim regulatory consequences associated with that determination while the underlying T application remained pending. (Exs. D-F).

USCIS later reached the opposite conclusion concerning those same three pending applications. On July 6, 2026, USCIS issued adverse bona fide determinations concerning Cintia's Form I-914 and Victor's and Expedito's Forms I-914 Supplement A. The adverse notices stated

that the applications were not bona fide and that USCIS would proceed to full T-nonimmigrant-status eligibility review. (Exs. H-J).

The July 2026 notices did not acknowledge the favorable bona fide determinations previously issued concerning the same applications. They did not state that USCIS was reconsidering, withdrawing, superseding, or correcting the earlier determinations; identify an error in the prior reviews; identify new evidence or changed circumstances; identify a newly discovered national-security concern; or otherwise explain why USCIS had reached conclusions directly opposite to its prior formal determinations.

The adverse notices likewise did not identify which specific regulatory criterion USCIS concluded was no longer satisfied. As to Cintia, the notice did not identify which criterion under 8 C.F.R. § 214.205(a) supported the adverse result. As to Victor and Expedito, the derivative notices did not identify which criterion under 8 C.F.R. § 214.205(b) supported the opposite conclusions concerning applications USCIS had previously determined were bona fide.

USCIS also denied the related Category (c)(40) employment-authorization applications of all three Plaintiffs. USCIS denied Cintia's Form I-765, Receipt Number LIN2690108782; Victor's Form I-765, Receipt Number LIN2690108781; and Expedito's Form I-765, Receipt Number LIN2506451227. Each decision identified the adverse bona fide determination as the basis for denying consideration for deferred action and employment authorization and did not identify an independent discretionary basis for the denial. (Exs. K-M).

The underlying T applications nevertheless remain pending. USCIS did not finally deny Cintia's Form I-914 or Victor's or Expedito's Forms I-914 Supplement A. Instead, USCIS advised that it would proceed to full eligibility review while simultaneously treating the July 2026 adverse

bona fide determinations as operative agency actions and denying the interim consideration associated with the previously favorable bona fide posture.

The consequences of those challenged agency actions are immediate and ongoing. On September 18, 2026, while Victor's derivative T application remained pending, DHS issued Victor a Notice to Appear charging him as removable under INA § 237(a)(1)(B) and directing him to appear before the Immigration Court in Chelmsford, Massachusetts on October 19, 2026 at 8:30 a.m. (Ex. N). As of September 29, 2026, EOIR's public Automated Case Information system reported that case information was unavailable for Victor's A-Number, and Plaintiffs therefore could not confirm through that public system whether the Notice to Appear had been filed with the Immigration Court as of that date. (Ex. O).

Plaintiffs do not allege that USCIS's adverse bona fide determination legally compelled DHS to issue Victor's Notice to Appear. Nor do Plaintiffs ask this Court to adjudicate Victor's removability, determine whether removal proceedings have formally commenced, terminate or stay any proceeding before the Executive Office for Immigration Review, or prohibit DHS from independently exercising prosecutorial authority to commence removal proceedings. The Notice to Appear is relevant because it demonstrates that immigration-enforcement consequences affecting this family are concrete and ongoing while Victor's derivative T application remains pending and while the legality of USCIS's reversal of his previously favorable bona fide determination remains subject to judicial review.

Plaintiffs likewise do not ask this Court to determine their ultimate eligibility for T nonimmigrant status, grant any Form I-914 or Form I-914 Supplement A, order USCIS to grant deferred action, independently grant employment authorization, or substitute judicial judgment for matters lawfully committed to agency discretion. Plaintiffs seek only narrowly tailored interim relief preserving the regulatory status quo while the Court determines whether USCIS lawfully

reversed three previously issued favorable bona fide determinations without acknowledging or adequately explaining those changes in agency position.

Section 705 of the Administrative Procedure Act authorizes a reviewing court, "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury," to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. Federal Rule of Civil Procedure 65 separately authorizes temporary restraining and preliminary injunctive relief.

As set forth more fully in the accompanying Memorandum of Law, Plaintiffs are likely to succeed on their APA claims because USCIS reversed formal favorable agency determinations concerning all three Plaintiffs without acknowledging those prior determinations, identifying what had changed, or supplying a contemporaneous explanation connecting the facts before the agency to its opposite conclusions. The challenged decisions also implicate separate regulatory frameworks governing principal and derivative bona fide determinations and must be evaluated according to the criteria applicable to each individual Plaintiff.

Plaintiffs also face immediate and irreparable harm while the challenged determinations remain operative. Each Plaintiff lost a favorable bona fide regulatory posture that USCIS had previously formally recognized. USCIS denied each Plaintiff's related Category (c)(40) employment-authorization application on the basis of the adverse determination, and DHS subsequently issued Victor a Notice to Appear while his derivative T application remained pending. The interim period at issue cannot later be recreated through an award of monetary damages after final judgment.

The balance of hardships favors temporary preservation of the status quo. A stay would not require USCIS to approve Plaintiffs' T applications or determine the ultimate merits of those applications in Plaintiffs' favor. USCIS would remain free to continue lawful adjudication of the underlying Forms I-914 and I-914 Supplement A. By contrast, absent temporary relief, Plaintiffs will continue to bear the consequences of the challenged adverse determinations throughout the period in which this Court considers whether those agency actions were lawfully issued.

The public interest likewise favors narrowly tailored relief that preserves judicial review while respecting USCIS's authority over the ultimate immigration-benefit determinations. The requested relief does not transfer adjudicatory authority from USCIS to this Court. It temporarily prevents the challenged July 2026 determinations from continuing to alter Plaintiffs' regulatory position while their legality is under review.

Plaintiffs therefore respectfully request that the Court temporarily stay the effectiveness and operative consequences of USCIS's July 2026 adverse bona fide determinations concerning Cintia, Victor, and Expedito; preserve during the pendency of the stay the regulatory status quo that existed immediately before those adverse determinations, including the regulatory posture associated with Cintia's February 11, 2025 favorable principal bona fide determination and Victor's and Expedito's February 3, 2025 favorable derivative bona fide determinations; and temporarily stay the effectiveness and operative consequences of the related Category (c)(40) employment-authorization denials to the extent those decisions rest upon the challenged adverse bona fide determinations.

Plaintiffs further request that, while the challenged adverse bona fide determinations remain stayed, Defendants not treat those determinations as valid and operative agency actions for purposes of imposing consequences that depend upon the legal effectiveness of those

determinations, while preserving USCIS's authority to continue adjudicating Plaintiffs' underlying T applications in accordance with applicable law.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an emergency stay pursuant to 5 U.S.C. § 705 and a Temporary Restraining Order temporarily staying the effectiveness and operative consequences of USCIS's July 2026 adverse bona fide determinations concerning Cintia Daniela de Azevedo Cardoso, Victor Antonio Azevedo Cardoso, and Expedito Capistana Cardoso Junior; preserving the regulatory status quo associated with USCIS's previously issued favorable bona fide determinations during the pendency of judicial review; temporarily staying the effectiveness and operative consequences of the related Category (c)(40) employment-authorization denials to the extent those decisions rest upon the challenged adverse bona fide determinations; preventing Defendants from treating the challenged adverse bona fide determinations as valid and operative agency actions while they remain stayed; preserving USCIS's authority to continue lawful adjudication of Plaintiffs' underlying T applications; and granting such other narrowly tailored temporary relief as the Court deems necessary and appropriate to preserve Plaintiffs' status and rights pending further Order of the Court.

Plaintiffs further respectfully request that the Court, after notice and an opportunity to be heard, enter a Preliminary Injunction continuing such relief during the pendency of this action.

Nothing in the relief requested would grant Plaintiffs T nonimmigrant status, require USCIS to approve any pending Form I-914, Form I-914 Supplement A, or Form I-765, compel a favorable exercise of deferred-action authority, adjudicate removability, terminate or stay proceedings before EOIR, or direct DHS's independent exercise of prosecutorial authority concerning the commencement of removal proceedings.

Respectfully submitted,

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400

## CERTIFICATE OF SERVICE

I, Clarissa Moraes Kalil, Esq., counsel for Plaintiffs Cintia Daniela de Azevedo Cardoso, Victor Antonio Azevedo Cardoso, and Expedito Capistana Cardoso Junior, hereby certify that on **September 30, 2026**, I electronically filed the foregoing **Plaintiffs' Emergency Motion for a Stay of Agency Action Under 5 U.S.C. § 705 and for Temporary Restraining Order and Preliminary Injunction** with the Clerk of the United States District Court for the District of Massachusetts using the Court's CM/ECF system.

To the extent counsel for Defendants have entered appearances in this action, service of the foregoing document will be accomplished through the Court's CM/ECF system.

Because Plaintiffs seek emergency injunctive relief, undersigned counsel also provided advance written notice of the requested emergency relief by electronic mail to counsel for the United States on September 30, 2026, at approximately 1:03 p.m., at the following addresses:

Rayford Farquhar
Assistant United States Attorney
Rayford.Farquhar@usdoj.gov

Vincent Engingro
Assistant United States Attorney
Vincent.Engingro@usdoj.gov

Undersigned counsel further certifies that service of the Summons, Complaint, and other initiating documents upon the United States and the federal Defendants will be completed in accordance with Federal Rule of Civil Procedure 4(i), to the extent such service has not already been effected.

Dated: **September 30, 2026**

Respectfully submitted,

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400